953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Tillman KIDD, Defendant-Appellant.
 No. 89-10376.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Tillman Kidd appeals his conviction, following a jury trial, for assault with a dangerous weapon with intent to do bodily harm and aiding and abetting in violation of 18 U.S.C. §§ 2, 113(c). Kidd contends that the district court erred by admitting at trial evidence of a previous serious assaultive behavior conviction. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review for abuse of discretion a district court's decision to admit evidence of other bad acts pursuant to Fed.R.Evid. 404(b). United States v. Ayers, 924 F.2d 1468, 1472 (9th Cir.1991).
 
 
 4
 "We apply the following four-part test to determine whether evidence was properly admitted under Rule 404(b): (1) sufficient evidence must exist for the jury to find that the defendant committed the other acts; (2) the other acts must be introduced to prove a material issue in the case; (3) the other acts must not be too remote in time; and (4) if admitted to prove intent, the other acts must be similar to the offense charged." Ayers, 924 F.2d at 1473 (citation omitted). Intent is not a material issue when the defendant denies participation in the underlying acts which constitute the crime. United States v. Powell, 587 F.2d 443, 448 (1978). Where the district court erroneously admits prior bad acts, we reverse the conviction only if it is more probable than not that the erroneous admission of the evidence affected the jury's verdict. United States v. Brown, 880 F.2d 1012, 1016 (9th Cir.1989); United States v. Hodges, 770 F.2d 1475, 1480 (9th Cir.1985).
 
 
 5
 Here, in April 1988, Kidd, Mark Watson, Michael Lewis and Harris Levato were inmates at the Federal Correctional Institution north of Phoenix, Arizona. At trial, Lewis testified that Kidd and Watson forced their way in his room, while he was having a closed door conversation with Levato. Kidd stood guard at the door and encouraged Watson to hit Lewis. As Lewis attempted to leave the room, Kidd pushed him back in. With Kidd's encouragement, Watson hit Lewis over the head with a twenty-four inch stainless steel towel rack, which he had broken off the wall during a fall. Levato attempted to leave the room but Kidd pushed him back in. Lewis jumped on Watson's back as he began to hit Levato with the rack. Kidd pulled Lewis off Watson's back while punching him in the side. Finally, a correctional officer entered the room and stopped the attack.
 
 
 6
 At trial, Kidd attempted to show that he did not aid and abet the assault on Lewis and Levato. Watson testified that the fight was over "homemade brew." Frequently, Lewis made illegal brew from orange juice, sugar and bread. Watson claimed that they had been drinking in Lewis' room all day and the fight started when Lewis refused to give him any more brew, then hit Watson with the rack. A fight erupted between Watson, Lewis and Levato, but Kidd did not participate. The government introduced evidence of Kidd's 1984 convictions for second degree murder and armed robbery to establish Kidd's intent to do bodily harm in this offense.
 
 
 7
 Since Kidd denied participating in the assaults, the prior convictions were not relevant to prove intent. See Powell, 587 F.2d at 447-48. The only factual issue in this case was whether Kidd aided and abetted in the assaults. Kidd did not contest intent in this case. Because Kidd denied participating in the assault, intent was not "a material issue for the purpose of applying Rule 404(b)." See id., 587 F.2d at 448. Thus, the trial court abused its discretion by admitting the prior convictions into evidence. See Powell, 587 F.2d at 448.
 
 
 8
 Having determined that it was error for the district court to admit the prior convictions pursuant to Rule 404(b), "we reverse only if the error was not harmless." See Brown, 880 F.2d at 1016. Lewis testified at trial that Kidd participated in the assault. Kidd maintained that he did not participate. The witnesses' credibility was affected when the district court read the following stipulation to the jury during the government's case-in-chief: "[y]ou are advised that Defendants Watson and Kidd and Government Witness Levato have been convicted of felony offenses involving serious assaultive behavior. Government Witness Lewis has been convicted of serious felony crimes" (RT 1/25/89 at 161). Therefore, the jury was presented with contrasting stories among three prison inmates with prior felony convictions. The verdict reflects that the jury found Watson to be the least credible among the three. See United States v. Echavarria-Olarte, 904 F.2d 1391, 1399 (9th Cir.1990). Thus, we hold that the error was harmless. Id.; cf. Hodges, 770 F.2d at 1481.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3